## Case No. 13,316.

### STARR v. STARK.

[1 Sawy. 270.] [1]

Circuit Court. D. Oregon. Aug. 16, 1870.

JUDGMENT—RES JUDICATA—SUIT TO QUIET TITLE —SPLITTING CAUSES OF ACTION.

1. Where, in a suit to quiet title, one of the grounds of the relief sought is abandoned by the complainant because adjudged to be inconsistent with another ground of relief alleged in his complaint, and such suit is finally determined adversely to the complainant. he is barred from maintaining another suit for the same relief upon such abandoned ground.
[Cited in Davis v. Lennen, 125 Ind. 188, 24 N. E. 885.]

2. A suit to ascertain and quiet title under section 500 of the Code, extends to, and includes all the grounds of controversy between the parties as to the title to the premises; and by the final decree therein all matters affecting such title are determined.

3. A plaintiff in such suit cannot, at his option, split it up into many suits, and if he omits to set forth and prove all the grounds of his

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

right, or his adversary's want of it, he cannot afterward bring another suit upon the fragment or portion of the case omitted.
[Cited in Burton v. Huma, 37 Fed. 741.]
[Cited in Indiana, B. & W. Ry. v. Allen, 113 Ind. 588, 15 N. E. 446.]

[This was a bill in equity by Lewis Starr against Benjamin Stark.] Motion for a provisional injunction to stay the enforcement of a judgment at law for the recovery of the possession of real property.

David Logan, for the motion.
Wm. Strong, contra.

DEADY, District Judge. In January, 1864, the plaintiff herein and his brother, Addison M., commenced a suit in equity in the circuit court of the state for the county of Multnomah, against the defendant herein, alleging themselves to be the owners and in possession of lots 1, 2 and 4 in fractional block 81 in the city of Portland, and that the defendant claimed title thereto adverse to the plaintiffs and threatened them with an action to recover the possession thereof, with a prayer that the defendant be compelled to set out by what title he claims said property. and that the rights of the plaintiffs and defendant might be determined by the court. The complaint in said suit also set forth the grounds of the plaintiffs' right to the premises to be certain agreements, representations and doings of the defendant, whereby, as plaintiffs claimed, he was in equity bound to convey to them the legal title which he had acquired from the United States as a settler under the donation act of September 27, 1850 [9 Stat. 496].

On August 20, 1864, the plaintiffs in pursuance of previous proceedings in the cause, filed an amended complaint, setting forth the facts aforesaid, and also that the defendant claimed title to the premises by virtue of a patent therefor issued to him by the United States on December 8, 1860. The amended complaint also alleged that, in pursuance of certain proceedings in the proper land office, a patent was issued by the United States on December 7, 1860, to the corporate authorities of Portland for a certain tract of land. including the premises in controversy, in trust for the occupants thereof, and that plaintiffs had been the occupants of said premises since December 13, 1849, and are entitled to the benefit of said patent to said corporate authorities; and further, that the said defendant contriving and intending to defraud plaintiffs out of the premises falsely, procured it to be established and proved before the surveyor-general of Oregon that he had resided upon and cultivated the land described in his patent for four years prior to September 10, 1853; he, the said defendant, then well knowing that he had not then so resided upon and cultivated said land—wherefore the plaintiffs prayed that the defendant's patent might be set aside and held for naught, and that defend-

ant be compelled to release to plaintiffs all his right, title and interest in the premises, and be forever restrained from setting up any title to the same by means of the premises and for other relief.

Afterward, on August 23, defendant demurred to the amended complaint, and on October 15, the court made an order sustaining the demurrer to all that portion of such complaint concerning the patent to the corporate authorities of Portland, and the fraud in obtaining the defendant's patent and the claim of the plaintiffs by reason thereof, and on October 28 the court made an order vacating the last named order, and directing that the plaintiffs have leave to amend their complaint and requiring them to elect which cause of suit they would proceed upon, and to set forth the same in the amended complaint.

On November 1, the plaintiffs, in pursuance of the last named order, filed a second amended complaint alleging therein as above stated, except that they omitted therefrom the statement and claim set forth in the original complaint that the defendant by reason of certain agreements, representations and doings, was in equity bound to convey the legal title which he held to them and thereby elected to proceed against the defendant upon the ground of the patent to the corporate authorities of Portland, and the fraud and illegality of the patent to the defendant.

On November 25, the defendant answered the second amended complaint, and on December 3, the plaintiff replied thereto.

Afterwards such proceedings were had in the case that said circuit court, on June 12, 1865, gave a final decree therein, whereby it was found that the plaintiffs were entitled to the relief prayed for by them, and adjudged that the patent to the defendant of December 8, 1860, as against plaintiff, be declared void and taken for naught, and that the defendant be perpetually enjoined from suing for or ejecting the plaintiff from the possession of the premises in controversy.

Afterwards, on appeal to the supreme court of the state of Oregon, said decree was wholly affirmed, and thereafter said cause was taken to the supreme court of the United States by said defendant, upon a writ of error, and upon a hearing thereon at the term of December, 1867, it was adjudged and decreed that said decree be reversed, and that the supreme court of Oregon remand the cause to the said circuit court with directions to dismiss the suit, which was done accordingly. [6 Wall. (73 U. S.) 402.]

Subsequently the plaintiff succeeded to the undivided interest or claim of Addison M. in lots 1 and 2, and the north half of 4, aforesaid; and thereafter, on February 12, 1870, in an action at law commenced and prosecuted in this court by the defendant against the plaintiff, the former obtained judgment against the latter for the possession of the premises last aforesaid, and for the sum of —— for the use and occupation of the same, and for costs and disbursements of the action. [Case No. 13,307.]

On February 18, 1870, the plaintiff commenced this suit to have the defendant enjoined from enforcing that judgment or maintaining any action against the plaintiff for the possession of the premises, and to have the court adjudge and declare, as against the defendant, that the plaintiff is the owner of the premises, and to compel the defendant to release to plaintiff his title thereto, acquired by virtue of the donation act and the patent aforesaid, issued to him thereunder.

The bill in this suit sets forth, as in the former suit, that by reason of certain agreements, representations and doings of the defendant, which are stated in detail, he, the defendant, is in equity bound to release or convey to the plaintiff the legal title to the premises which he acquired as aforesaid, but makes no mention of the patent to the corporate authorities of Portland, or claim for the plaintiff thereunder, nor does it contain any charge against the validity of the patent to the defendant, but in terms admits that the latter has obtained the legal title to the premises as a settler under the donation act.

On February 19, a notice of motion for preliminary injunction was served on the defendant. The hearing of the motion was postponed from time to time by agreement of counsel until June 23, when the same was argued and submitted with a stipulation that the defendant would take no steps to enforce the judgment while the motion was held under advisement.

Counsel for the defendant makes two objections to the granting of the preliminary injunction:

(1) That there is no equity in the bill, or in other words, that it does not appear from the facts stated that the defendant is under any obligation or ought to be compelled to convey his title to the plaintiff; and,

(2) That the subject matter of this suit—the title to this property—was fully adjudicated between these same parties in the suit of Lewis M. and Addison M. Starr against this defendant, above stated, and that by the final decree of the supreme court of the United States, given in said suit, it was determined and adjudged that the legal title to the premises was in the defendant, and that neither the plaintiff nor said Addison M., had any interest, legal or equitable, therein.

Upon the question raised by the first objection, I do not propose to pass in the consideration of this motion. The title to other property is now in litigation before this court between other parties upon the construction and effect to be given to the same acts and circumstances out of which the plaintiff claims that his equity arises.

As to the question made by the second objection, it must be decided in favor of the defendant. After deliberate consideration, I am well

satisfied that the former adjudication between these parties is a bar to this suit. and that therefore the motion for injunction ought not to be allowed.

Counsel for the plaintiff seeks to avoid this conclusion by ingeniously attempting to liken this to a case. where a party has two distinct causes of action which he might have joined in one action, and did not; or having done so, abandons one of them, on or before trial. Now this is a suit to determine the title to this property as between these parties, and so was the former one. True, the grounds of this suit, as stated in the bill, are not the same as those of the former suit were at the time it was decided. In that suit. the plaintiffs shifted their ground. so that it was commenced upon one ground and finally heard and determined upon another. At the beginning, they relied upon their right to a conveyance of the legal title from the defendant, the same as in this suit. Afterwards they amended their bill and added the other ground. wherein they claimed independently of the defendant, under what is called the city patent and town site law. Then followed the order of the court, requiring them to elect which of these two inconsistent grounds they would proceed upon, when they abandoned the first and prosecuted the suit to final determination upon the second.

It seems to me, that the order of the circuit court, requiring the plaintiffs to elect which cause of suit they would proceed upon, is an adjudication that one or the other of these causes of suit was insufficient, because. in the nature of things, it was impossible that both could be true in fact and law, and that the plaintiffs should determine which one was insufficient. by electing to proceed upon the other. This election is in the nature of a solemn admission of record, that the alleged cause of suit then abandoned and now sought to be re-adjudicated, was not well founded in fact or law, or both.

Again, when this cause was appealed to the supreme court of the state, it went there as an equity case. to be tried anew upon the transcript and evidence. If the plaintiffs conceived that the circuit court erred in requiring them to make this election. and thereby abandon one ground for the relief sought by them, and did not desire to acquiesce in such decision, they should have sought redress on the appeal. Having abandoned the cause of the present suit in the course of the former one, in obedience to an order which, in effect, determined the cause of suit was insufficient, and having thereafter submitted to that order, the plaintiff cannot have the same matter readjudicated in another suit.

But waiving this view of the subject, and assuming that the present cause of suit had never been stated or brought to the notice of the court in the former suit, still the adjudication in that suit would be a bar to this.

The suit of Lewis M. and Addison M. Starr against the defendant was brought by them as persons being in possession of the premises under section 500 of the Code: "Any person in possession by himself or his tenant, of real property, may maintain a suit in equity against another, who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate or interest." Code Or. (Gen. Laws 1845–64, p. 273).

The suit given by this section, is one to ascertain and quiet the title to the premises, as between the parties. The plaintiff cannot, at his option, split it up into many suits, with which to harass and weary the defendant. By the final decree in such a suit, the title to the premises, as between the parties, is determined, and all questions or matters affecting such title are concluded thereby. If either party omits to set forth and prove all the grounds of his right, or his adversary's want of it. he cannot correct his error by bringing another suit upon the portion or fragment of the case omitted. In the suit between the Starrs and the defendant, the latter claimed. adversely to the plaintiffs, the whole estate or interest in the premises. whether legal or equitable. The suit was brought to try and determine such claim, and might have resulted in a determination of the question either for or against the defendant. In either event, the controversy is ended and the matter at rest between the parties. Whatever matter of fact or law the plaintiffs could allege or maintain to show the falsity or illegality of the defendant's claim, they were at liberty to do in the former suit. If they failed to bring to the consideration of the court, by proper proof or allegation, anything material to a correct determination of the controversy for which such suit was given and brought to settle, it was their own fault, and they must abide by the consequences. Already the defendant has been in court once, at the call of the plaintiff concerning his claim to these premises, and successfully answered whatever was alleged against him. After years of litigation, the judgment of the court of last resort was given in his favor. and now the plaintiffs seek to compel him to submit to a re-adjudication of his claim upon a fragment of the former suit, which was lost and abandoned by the plaintiffs in the progress of the former trial.

I am clear, that the matter is res judicata. The motion is denied, with $20 costs.

[NOTE. Upon final hearing, before Circuit Judge Sawyer and District Judge Deady, a decree was entered in favor of complainant, in pursuance to the prayer of the bill. Judge Deady dissented, upon the grounds set out in the motion above. Case No. 13,317. Upon appeal to the supreme court by Stark, this last decree was affirmed. 94 U. S. 477.]